UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MATTHEW DUSUAU & ANNA GIBSON | CIVIL ACTION |
| VERSUS | NO. 25-682 |
| GEICO CASUALTY COMPANY & ROBERTA FACINELLI | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is the motion to remand by plaintiffs Matthew Dusuau and Anna Gibson.[1] Defendants Roberta Facinelli and GEICO Casualty Company ("GEICO") oppose the motion.[2] For the following reasons, the Court grants the motion.

### I.   BACKGROUND

Plaintiffs filed this case on April 10, 2024, in Louisiana state court following an alleged car accident.[3] Defendant Roberta Facinelli made a limited appearance in state court to argue insufficiency of service and process under state law.[4] In relevant part, Facinelli argued that service by mail, which is authorized for service on nonresidents of Louisiana, was improperly

---

[1]   R. Doc. 9.
[2]   R. Doc. 11.
[3]   R. Doc. 1-2.
[4]   R. Doc. 1-4.

1

used, because she is an Orleans Parish resident.[5] On March 13, 2025, the state court judge, Judge Jennifer Medley, held that, "after reviewing the pleadings and evidence, and hearing the argument of counsel," "service on non-resident Roberta Facinelli was proper and effective."[6]

On April 8, 2025, defendants removed the case to this Court on the basis of diversity jurisdiction.[7] Plaintiffs moved to remand on May 8, 2025, arguing that Facinelli was a citizen of Louisiana for jurisdictional purposes and that the state court did not adjudicate that Facinelli was a nonresident.[8]

The Court considers the motion below.

## II.    LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal

---

5       *Id.* at 1.
6       R. Doc. 1-3 at 2.
7       R. Doc. 1 at 1–2.
8       R. Doc. 9-1 at 3.

courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g.*, *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts."). Thus, "[a]ny 'doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.'" *Vantage Drilling Co.,* 741 F.3d at 537 (quoting *Acuna v. Brown Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil Gas Co.*, 63 F. 3d 1326, 1335 (5th Cir. 1995). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states," and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Having a plaintiff and a defendant who are citizens of the same state ordinarily destroys complete diversity. *See McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). "Citizenship for an individual is synonymous with the person's domicile." *English v. Aramark Corp.*, 858 F. App'x 115, 116 (5th Cir. 2021) (citing *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 n.6 (5th Cir. 2009)); *see also*

3

*Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (To be a "citizen of a state within the meaning of the diversity provision, a natural person must be both (1) a citizen of the United States, and (2) a domiciliary of that state.").

## III. DISCUSSION

Once an action is removed from state court to federal court, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. Though the state court's orders remain subject to reconsideration, "it is well settled that 'when a case is removed[,] the federal court takes it as though everything done in the state court had in fact been done in federal court.'" *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 119 (5th Cir. 1992) (quoting *Murray v. Ford Motor Co.*, 770 F.2d 461, 464 (5th Cir. 1985)); *see Resolution Tr. Corp. v. Northpark Joint Venture*, 958 F.2d 1313, 1316 (5th Cir. 1992) (quoting *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1303 (5th Cir. 1988)) ("A prior state court order in essence is federalized when the action is removed to federal court, although the order 'remains subject to reconsideration just as it had been prior to removal.'"). This is to promote judicial economy by "providing that proceedings had in state court shall have force and effect in federal court, so that pleadings filed in state court. . . need not be duplicated

4

in federal court." *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 435–36 (1974).

Here, the state court determined, after motions practice and a hearing, that long arm service was proper, because Facinelli was a nonresident of Louisiana.[9] There is no record of what transpired at the hearing, and in support of its order, the state court judge cites "reasons orally assigned," which are not before this Court.[10]

But, after a case is removed to federal court, a state court's order "remains subject to reconsideration just as it had been prior to removal." *Resolution Tr. Corp. v. Northpark Joint Venture*, 958 F.2d 1313, 1316 (5th Cir. 1992) (quoting *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1303 (5th Cir. 1988)); *see Gen. Inv. Co. v. Lake Shore & M.S. Ry. Co.*, 260 U.S. 261, 267 (1922) ("Had the cause remained in the state court, the power to reconsider would have been in that court, but when the removal was made the power passed with the cause to the District Court.").

---

[9] R. Doc. 1-3 at 2. The word "nonresident" is defined in Louisiana's Code of Civil Procedure art. 5251(11) as an individual "who is not domiciled in this state." La. Code Civ. Proc. art. 5251(11). Therefore, in holding that Facinelli was a nonresident and that service was proper, the state court determined that Facinelli is not domiciled in Louisiana. *See* Louisiana Rev. Stat. § 13:3204.

[10] *Id.*

In their motion to remand, plaintiffs include considerable unrebutted evidence suggesting that Facinelli is domiciled in Louisiana. And as a matter of law, "[e]very federal court should, on its own, ensure that subject-matter jurisdiction is present." *The Lamar Co., L.L.C. v. Mississippi Transportation Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020), as revised (Sept. 24, 2020). Therefore, the Court must reconsider the prior holding that Facinelli is a nonresident of Louisiana.

Federal Rule of Civil Procedure 54(b) provides that, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (holding that motions for reconsideration directed at interlocutory orders rather than final judgments are analyzed under Federal Rule of Civil Procedure 54(b)). Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of substantive law." *Austin*, 864 F.3d at 336 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)). The

Court applies Rule 54(b) here, as the state court order determining domicile adjudicated fewer than all the claims in the action and did not end the action. And even though the order was from state court, this Court applies the Federal Rules, because "once a case has been removed to federal court, its course is to be governed by federal law, including the Federal Rules of Civil Procedure." *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 441 (1974).

Federal diversity jurisdiction is based on diversity of citizenship, and citizenship is synonymous with a person's domicile. *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974), *cert. denied*, 419 U.S. 842 (1974). A person's domicile is his "true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). To determine a person's domicile, courts look to certain factors that shed light on the person's intention to establish residence, which "may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996). No single factor is determinative. *Id.*

Based on the evidence here, the Court holds that Facinelli is domiciled in Louisiana. Facinelli referred to her New Orleans as her home address,[11] she has a Louisiana driver's license,[12] her insurance policies list her New Orleans address as her residence,[13] and she is registered to vote in Louisiana.[14] Facinelli also has a home in New Orleans, and she has a homestead exemption on that home.[15] Defendants offer no evidence that Facinelli is domiciled in New York. Instead, they rely solely on the state court's determination that she is a nonresident of Louisiana. Based on the overwhelming facts presented to this Court, the Court finds that Facinelli is domiciled in Louisiana. Because having a plaintiff and a defendant who are citizens of the same state destroys complete diversity, the Court must remand the case.

---

[11]   R. Doc. 9-5 at 2; R. Doc. 9-2 at 6.
[12]   R. Doc. 9-2 at 6.
[13]   R. Docs. 1-6 & 1-7 at 1.
[14]   R. Doc. 9-6.
[15]   R. Doc. 9-3 at 1. Though this home was purchased in December 2023, which is after the alleged crash took place, the purchase of the home was prior to the removal of this case in April 2025. R. Doc. 1. "Diversity jurisdiction is generally determined at the time of filing, or, in a case removed from state court, at the time of removal." *Ellison Steel, Inc. v. Greystar Const. LP*, 199 F. App'x 324, 327 (5th Cir. 2006). Therefore, the fact of home ownership weighs into the analysis. Additionally, Facinelli has seemingly maintained other residences in New Orleans, as demonstrated by the addresses in her police report and insurance policies. *See* R. Docs. 9-2 at 6; 1-6 at 1; & 1-7 at 1.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiffs' motion to remand.

New Orleans, Louisiana, this __7th__ day of July, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE